```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CHRISTOPHER ANDRETTA,                                             :
                                                                  :
                              Plaintiff,                          :
                                                                  :     21-cv-5783 (LJL)
              -v-                                                 :
                                                                  :           ORDER
CITY OF NEW YORK,                                                 :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2022

LEWIS J. LIMAN, United States District Judge:

Defendant City of New York (the "City") moves to dismiss this case under Federal Rule of Civil Procedure 41(b), for Plaintiff's failure to prosecute, or under Federal Rule of Civil Procedure 37(b)(2)(A)(v) for Plaintiff's failure to comply with a court order to produce discovery. *See* Dkt. Nos. 25, 28. For the following reasons, the motion is granted.

The complaint in this case was filed on July 2, 2021. *See* Dkt. No. 2. Plaintiff complained that he was detained at Rikers Island on the basis of a warrant of which he had no knowledge and that, while he was detained, he contracted COVID-19. *Id.* By Order dated September 28, 2021, Chief Judge Swain granted Plaintiff's application to proceed *in forma pauperis*; that Order stated that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so. Dkt. No. 4. Plaintiff initially pursued the case, making an application for the Court to request *pro bono* counsel, Dkt. No. 13—which the Court denied without prejudice to Plaintiff's ability to make another application when the issues in dispute were fully developed, Dkt. No. 14—and attending the telephonic initial pretrial conference held on January 31, 2022.

On May 24, 2022, however, counsel for Defendant the City of New York (the "City") filed a letter motion seeking the Court to compel Plaintiff to provide responses to discovery demands and to grant an extension of time to complete discovery. Dkt. No. 23. In that letter, counsel for the City explained that the initial set of interrogatories and requests for the production of documents had been returned to sender because Plaintiff, who was previously incarcerated, had been transferred from Rikers Island to a different facility. *Id.* Counsel further explained that the discovery demands had been sent to Plaintiff at the new facility and then later, upon Plaintiff's release from custody, to him at the address he provided not to the Court but "in light of his release from custody." *Id.* at 1.

Plaintiff did not respond to the City's discovery demands. *Id.* After the due date—calculated in light of the second date of service—passed without a response from Plaintiff, and after providing Plaintiff a full month to respond to the motion to compel, the Court granted the City's request and issued an order compelling Plaintiff to provide responses to the discovery demands; the Court directed the City to send a copy of the Order compelling Plaintiff to respond to Plaintiff at his last-known address. Dkt. No. 24. A little over a month later, counsel for the City again wrote to inform the Court that Plaintiff had not yet provided discovery responses and requested that the Court dismiss the case with prejudice for the Plaintiff's failure to prosecute and for his failure to comply with Court orders regarding discovery. Dkt. No. 25. The Court thereafter scheduled a case management conference, and in that scheduling order wrote: "Plaintiff is warned that failure to attend may result in dismissal of his complaint for failure to prosecute and/or failure to cooperate in discovery." Dkt. No. 26. Plaintiff neither attended the conference nor responded to the City's request to dismiss the case.

Following Plaintiff's failure to appear at the conference, on August 23, 2022, the City

again moved to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failure to comply with Court orders regarding discovery.  Dkt. No. 28.  Again, Plaintiff has not responded.

Federal Rule of Civil Procedure 41 "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also* Fed R. Civ. P. 41(b); *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012) ("Rule 41 permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court.").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Federal Rule of Civil Procedure 37(b)(2)(A)(v) also permits the district court to dismiss an action for a party's failure to obey a discovery order, and courts in this Circuit consider factors similar to those outlined above when deciding whether to dismiss a case under Rule 37.  *See Ali v. Dainese USA, Inc.*, 577 F. Supp. 3d 205, 220–21 (S.D.N.Y. 2021).  "These factors

include: '[i] the willfulness of the non-compliant party or the reason for noncompliance; [ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance[;] and [iv] whether the non-compliant party had been warned of the consequences of noncompliance.'" *Id.* at 221 (quoting *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017)).

Dismissal of this case for failure to prosecute and for failure to comply with discovery orders is appropriate under the factors relevant to each motion. Plaintiff has not prosecuted his case for roughly eight months. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Plaintiff was given notice by the Court's Order at Dkt. No. 26 that a failure to appear at the case management conference scheduled for August 16, 2022 could result in dismissal of the action. Although there is no specific evidence on the record that delay will prejudice Defendant, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). The Court has given Plaintiff the "opportunity to proceed with this action so that it would be decided on the merits," *Edwards*, 2012 WL 1292672, at *2, by extending the time for the parties to complete discovery multiple times rather than recommending the action be dismissed, *see* Dkt. Nos. 24, 27. Plaintiff's failure to prosecute this action, to respond to requests for discovery despite an Order by this Court compelling him to respond to those requests, or to appear at a Court conference despite a warning that such a failure to do so may lead to dismissal of his case "demonstrate that any lesser sanction [than dismissal] would be an exercise in futility." *Edwards*, 2021 WL 1292672, at *2 (internal quotation marks omitted). Plaintiff has: offered no reason for his non-compliance; ignored repeated requests from the City for compliance with its

4

requests; ignored an Order from the Court directing him to respond to those requests; failed to attend a conference to discuss management of the case—scheduled in light of Plaintiff's failure to respond to discovery requests—even after he was told that such failure may result in dismissal; and failed to respond to two separate requests to dismiss the case for failure to prosecute or comply with the discovery Order.  *See In re Fosamax Prods. Liab. Litig.*, 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 21, 2013) (finding willful failure to comply with discovery order where plaintiff's counsel was sent multiple letters and emails, failed to respond to a motion to dismiss, and did "not claim[] that her noncompliance was caused by forces beyond her control"). Plaintiff has failed to comply with the discovery demands for nearly five months, enough to justify a "substantial sanction," including dismissal of the complaint.  *See Doe v. Delta Airlines*, 2015 WL 798031, at *8, *10 (S.D.N.Y. Feb. 25, 2015) (explaining that five-month duration of noncompliance with discovery demands favors a "substantial sanction" and may justify dismissal of a complaint).  Under these circumstances, dismissal is appropriate.

The motion to dismiss for failure to prosecute and/or for failure to comply with discovery demands is GRANTED.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 14, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge